UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-529-RJC-DCK

| | |
|---|---|
| CHRISTOPHER PRACHT, as Personal Representative of the Estate of Eric F. Lee, <br><br> Plaintiff, <br><br> v. <br><br> SAGA FREIGHT LOGISTICS, LLC and TOMAS HERRERA, JR., <br><br> Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Strike (Doc. 2) and Supporting Memorandum (Doc. 2-1).

## I. BACKGROUND

### A. Procedural Background

Plaintiff commenced this wrongful death action against Defendants by filing a summons and complaint on August 15, 2013 in the aftermath of an accident that claimed the life of Eric Lee. Plaintiff timely filed a Notice of Removal within thirty (30) days of Defendants' receipt of the summons and complaint. Defendants subsequently filed a motion on September 23, 2013 to strike from the complaint the factual allegations concerning its safety history.

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(f) motion to strike permits district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions under Rule 12(f) are generally disfavored and should be granted infrequently. Waste

Management Holdings v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, 227 Fed. App'x. 239, 247 (4th Cir. 2007). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." 5C Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 1380, 647 (3d ed. 2011). Furthermore, "the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations," i.e., those that "improperly cast a derogatory light on someone." Id. at § 1382. The decision to grant or deny a motion under Rule 12(f) is discretionary. Renaissance Greeting Cards, 227 Fed. App'x. at 246. In order to prevail on the motion, defendant must demonstrate that the matter at issue is both 'prejudicial' and of the type 'envisioned' by Rule 12(f). Brown v. Ins. for Family Centered Servs., Inc., 394 F. Supp. 2d 724,

727 (M.D.N.C. 2005).

### III. DISCUSSION

Plaintiff's complaint contains, in paragraphs 25-31, certain allegations regarding Defendants' safety history. Defendants move to strike these allegations regarding safety history, other drivers, and other trucks on the grounds that such allegations are immaterial and impertinent with regard to the instant accident, and are intended to be scandalous. (Doc. 2-1 at 2). Defendants argue that the allegations have no relation to the cause of the accident and, accordingly, should be dispensed of prior to trial. Id. However, a motion to strike should only be granted if the allegations in questions can have no possible bearing upon the subject matter of the litigation. Simaan, Inc. v. BP Products North America, Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C 2005). In the instant case, Plaintiff's allegations in paragraphs 25-31 appear to bear upon the subject matter of the litigation insofar as Plaintiff's claim is that Defendants' safety

practices caused Plaintiff's death.

Defendants contend that paragraphs 25-31 were unsupported statements regarding their alleged safety history. (Doc. 2-1). The allegations regarding Defendants' alleged safety history, other drivers, and other trucks have a bearing on Plaintiff's claim. Whether Plaintiff can prove these allegations is not a question currently before the Court. The question is whether the allegations are redundant, immaterial, impertinent or scandalous. The Court finds that they are not so. Although prejudicial, the claims appear relevant to the crux of Plaintiff's wrongful death claim.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Strike, (Doc. 2), is **DENIED.**

Signed: March 27, 2014

Robert J. Conrad, Jr.
United States District Judge