# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-529-RJC-DCK

| | |
|---|---|
| CHRISTOPHER PRACHT, as Personal Representative of the Estate of Eric F. Lee, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    **ORDER** |
| | ) |
| SAGA FREIGHT LOGISTICS, LLC and TOMAS HERRERA, JR., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc.'s Motion To Intervene" (Document No. 13) and "Defendant Herrera's Motion To Remand And Motion To Stay In Lieu Of Answer To Complaint" (Document No. 17). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motion to intervene and <u>deny</u> the motion to remand.

## BACKGROUND

Christopher Pracht, as Personal Representative of the Estate of Eric F. Lee ("Plaintiff" or "Pracht") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court Division of Gaston County, North Carolina, on or about August 15, 2013, <u>Christopher Pracht, as Personal Representative of the Estate of Eric F. Lee v. Saga Freight Logistics, LLC and Tomas Herrera, Jr.</u>, 13-CVS-3166. (Document No. 1). Plaintiff's Complaint contends that Tomas Herrera ("Herrera") was operating a 2001 Freightliner tractor trailer owned

by and/or operated under the authority of Saga Freight Logistics, LLC ("Saga") on October 13, 2011. (Document No. 1-1, p.5). Plaintiff further contends that Herrera was operating the Saga tractor trailer at an unsafe rate of speed which led Eric F. Lee ("Lee"), who was operating another tractor trailer, to collide with the Saga vehicle on I-85 near Gastonia, North Carolina. (Document No. 1-1, p.5). The collision caused an explosion and fire that killed Lee. Id.

Defendant Saga filed its "Notice Of Removal" (Document No. 1) to this Court on September 23, 2013. "Defendant Saga Freight Logistics, LLC's Answer To Plaintiff's Complaint" (Document No. 3) was also filed on September 23, 2013.

Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc. ("R+L Plaintiffs") filed the pending "…Motion To Intervene" (Document No. 13) on November 1, 2013. The R+L Plaintiffs contend that Lee was operating a tractor trailer owned and operated by the R+L Plaintiffs at the time of the aforementioned accident, and that they have sustained damages due to the alleged negligence of Saga and Herrera (together "Defendants"). (Document No. 13, p.2). Also pending is "Defendant Herrera's Motion To Remand And Motion To Stay In Lieu Of Answer To Complaint" (Document No. 17), filed on November 18, 2013. Herrera seeks to remand this matter to the Superior Court of Gaston County. (Document No. 17, p.1).

The pending motions have been fully briefed and are now ripe for disposition.

## DISCUSSION

**A. Motion To Intervene**

R+L Plaintiffs assert in pertinent part that: (1) they share common questions of law and fact with the main action in this matter; (2) none of the existing parties can adequately represent their interests; and (3) that disposing of this matter without the R+L Plaintiffs would impede their ability to protect their interests. (Document No. 13, p.3). R+L Plaintiffs conclude that this

Court should allow them to intervene pursuant to Federal Rule of Civil Procedure 24(a)-(b). Id.

Rule 24 provides:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> > **(1)** is given an unconditional right to intervene by a federal statute; or
> >
> > **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
> > **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> >
> > > **(A)** is given a conditional right to intervene by a federal statute; or
> > >
> > > **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Fed.R.Civ.P. 24(a)-(b).

On January 10, 2014, the Court noted that neither Plaintiff nor Defendants had timely filed a response to the pending motion. (Document No. 24). Per the Court's "Order" (Document No. 24), Plaintiff and Defendant Saga filed responses to the motion to intervene on January 17 and 21, 2014. (Document Nos. 25 and 28). Both Plaintiff and Saga indicate that they do not oppose the R+L Plaintiffs' request. Id. Defendant Herrera filed a response in opposition on January 21, 2014. (Document No. 27).

Defendant Herrera contends that R+L Plaintiffs will not be prejudiced, and have failed to show they would be prejudiced, if the motion to intervene is denied. (Document No. 27, p.2). Herrera asserts that because R+L Plaintiffs have been named in another lawsuit (the "Texas

3

Lawsuit") arising from the same circumstances and occurrences, there is no impairment or impediment to R+L Plaintiffs' ability to protect their interests. (Document No. 27, pp.1-2).

In reply, the R+L Plaintiffs first argue that Herrera's representation that they are parties to the Texas Lawsuit is inaccurate. (Document No. 29, pp.2-3). R+L Plaintiffs assert that R&L Transfer, Inc. was not named as a defendant in the Texas Lawsuit and is not a party to that case. (Document No. 29, p.3). The reply further notes that although Saga has been named in the Texas Lawsuit, to date Saga has not participated or appeared in that action. Id. Next, the R+L Plaintiffs argue that contrary to Herrera's assertions, their interests would not be adequately represented by Plaintiff in this matter. (Document No. 29, p.4).

The undersigned finds the arguments and authority presented by the R+L Plaintiffs, as well as the consent of Pracht and Saga, to be persuasive here. As such the motion to intervene will be allowed.

**B. Motion To Remand and Stay**

In his "… Motion To Remand And Motion To Stay In Lieu Of Answer To Complaint" (Document No. 17), Defendant Herrera suggests that this matter should be remanded to Gaston County, North Carolina and stayed pending resolution of the Texas Lawsuit because: (1) he did not consent to the removal of this action; (2) he had already filed an action in Texas; and/or (3) for purposes of judicial economy, avoiding duplicative litigation, and inconsistent judgments.

Herrera correctly notes his right to move for remand pursuant to 28 U.S.C. § 1448. (Document No. 17, p.2; Document No. 18, p.2). However, Herrera's argument and authority in support of his motion is thin. See (Document No. 18, p.2). Herrera observes that there are no federal issues raised in Plaintiff's Complaint, but he makes no mention of 28 U.S.C. § 1332, which was the basis for Defendant Saga's "Notice Of Removal" (Document Nos. 1 and 17). Id.

The undersigned notes that 28 U.S.C. § 1447 provides in part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.

28 U.S.C. § 1447(c). While Herrera may challenge federal question jurisdiction pursuant to 28 U.S.C. § 1331, it does not appear he makes any assertion that this Court lacks subject matter jurisdiction based on the diversity of the parties and the amount in controversy pursuant to 28 U.S.C. § 1332. (Document Nos. 17 and 18).

Defendant Herrera's pending motion also requests a stay, however, it appears that he seeks a stay of this matter if/when it is remanded to the Superior Court of Gaston County. See (Document No. 17, p.3) ("Herrera prays that this matter be remanded to State Court in the Superior Court Division of Gaston County and stayed pending resolution of the" Texas Lawsuit); see also (Document No. 18, p.4). Even if Herrera is alternatively seeking a stay with this Court, the undersigned is not persuaded he has shown good cause for further delay of this action.

Defendant Saga filed its response opposing Herrera's motion on December 5, 2013. (Document No. 20). In that filing, Saga notes that the Texas Lawsuit was removed from state court to the United States District Court for the Southern District of Texas, Brownsville Division on the basis of diversity, by R+L Carriers. (Document No. 20, p.3). Saga also contends that the action in Texas is not duplicative because Herrera is asserting no claims before this Court, and the Estate of Eric F. Lee is asserting no claims in the Texas matter. (Document No. 20, p.10).

Moreover, Saga contends that the Estate of Lee could not assert a claim in Texas because the statute of limitations has run.  Id.

"Plaintiff's Response…" (Document No. 22) was also filed on December 5, 2013.  In that response, Plaintiff "concurs with Herrera's argument that this matter must be remanded to the Gaston County, North Carolina Superior Court" but argues against the imposition of a stay. (Document No. 22, pp.1-2).  Plaintiff specifically argues that Herrera had/has a right to object to removal and to seek remand pursuant to 28 U.S.C. § 1447, and then makes the succinct and conclusory assertion that because Herrera refuses to consent to Saga's removal, "this Court should remand the case to Gaston County." (Document No. 22, pp.4-5).

Like Herrera, Plaintiff also fails to make any persuasive argument that this Court lacks subject matter jurisdiction.  (Document No. 22).  It does not appear that there is any question that Herrera is allowed to object to removal, rather, the question is whether remand is appropriate. Both Plaintiff and Herrera have thus far failed to provide adequate support for their contention that remand is necessary.

The R+L Plaintiffs' response opposes Herrera's motion, citing this Court's jurisdiction pursuant to 28 U.S.C. § 1332.  (Document No. 23).  As discussed above, the R+L Plaintiffs also note that Herrera's motion relies on 28 U.S.C. § 1448, which authorizes him to *move* for remand, but does not entitle him to remand.  (Document No. 23, p.3).  The R+L Plaintiffs further provide that they have moved to have the Texas Lawsuit transferred to this Court.  (Document No. 23, p.4).

Defendant Herrera failed to file a timely reply pursuant to Local Rule 7.1 (E), and therefore, the Court ordered Herrera to file a reply by January 21, 2014.  (Document No. 24). "Defendant Herrera's Reply…" states that that this case should be removed "in the interests of

judicial economy, fairness, and comity." (Document No. 26, p.3). Notably, Defendant Herrera still does make a compelling argument that this Court lacks jurisdiction. Moreover, Herrera's request to remand to Gaston County is not entirely consistent with his stated objective to avoid duplicative litigation.

Based on the foregoing, the undersigned is not persuaded that remand in this instance is necessary or appropriate. Certainly, Plaintiff and Defendant Herrera have failed to state a compelling legal argument for such action, and there appears to be no serious challenge to this Court's jurisdiction based on diversity and the amount in controversy. At least in this Court, the parties have not sought transfer and/or consolidation regarding the Texas Lawsuit, and the undersigned will decline to express an opinion on that issue at this time.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc.'s Motion To Intervene" (Document No. 13) is **GRANTED**. Intervenor R+L Plaintiffs may file their Complaint on or before **April 11, 2014**.[1]

**IT IS FURTHER ORDERED** that "Defendant Herrera's Motion To Remand And Motion To Stay In Lieu Of Answer To Complaint" (Document No. 17) is **DENIED**. Defendant Herrera shall file an answer or otherwise respond to Plaintiff's Complaint on or before **April 11, 2014**.

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

**SO ORDERED**.

Signed: April 2, 2014

David C. Keesler
United States Magistrate Judge