**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:13-CV-529-RJC-DCK**

| | |
|---|---|
| CHRISTOPHER PRACHT, as Personal Representative of the ESTATE OF ERIC F. LEE )<br><br>Plaintiffs,<br>and<br><br>GREENWOOD MOTOR LINES, INC. d/b/a R+L CARRIERS and R&L TRANSFER, INC.<br><br>Intervenor Plaintiffs,<br>vs.<br><br>SAGA FREIGHT LOGISTICS, LLC and TOMAS HERRERA, JR.,<br><br>Defendants. | **CONSENT PROTECTIVE ORDER FOR RELEASE OF INVESTIGATIVE RECORDS FROM GASTONIA POLICE DEPARTMENT** |

THIS CAUSE coming on to be heard and being heard by the undersigned Judge for the United States District Court for the Western District of North Carolina upon joint motion of the Plaintiffs and the Defendants in the above captioned matter, for a limited protective order and for production and release of the investigative records of the Gastonia Police Department. And by and through the consent of the parties' counsel, this Court finds as follows:

1. On or about October 13, 2011, the decedent Eric F. Lee died at or near the time of an automobile accident on Interstate 85 in Gastonia, North Carolina. The Gastonia Police Department conducted an investigation as to the events surrounding his death.

2. The Defendants are seeking access to these records in relation to the claims filed against them in the above captioned action. Specifically, Defendants are seeking all documents

and investigative records, including but not limited to accident reconstruction reports, vehicle inspections, charts, maps, drawings, measurements, Total Station raw data, notes, interviews, statements, audio recordings, photographs and videos, and computer data, created or obtained by the Gastonia Police Department related to the investigation of the death of Eric F. Lee.

3. The investigative records of the Gastonia Police Department are statutorily protected and are subject to disclosure pursuant only to court order as authorized by N.C. General Statutes § 132-1.4. This Order governs the handling and disclosure of all materials produced by the Gastonia Police Department in this matter pursuant to this Order and N.C.G.S. § 132-1.4.

IT APPEARS TO THE COURT that the Gastonia Police Department has been given notice of the request by the Defendants' counsel. The Gastonia Police Department has no objection, and consents hereto, to the entry of this Order.

IT FURTHER APPEARS TO THE COURT that disclosure of these records is proper and necessary for the efficient administration of justice.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1. The Gastonia Police Department (hereinafter sometimes referred to as "GPD"), pursuant to N.C.G.S. § 132-1.4., shall release to counsel for the Defendants, Intervenor Plaintiffs, and the Plaintiff any and all documents and records related to the investigation of the death of Eric F. Lee, including but not limited to notes, interviews, statements, audio recordings, drawings, measurements, photographs, videos, and computer data, created or obtained by the Gastonia Police Department as soon as it can reasonably do so. Notwithstanding the foregoing, in order to minimize

the copying responsibilities of the GPD, the GPD will make one set of copies and provide the copies to the Plaintiffs' counsel, and then the Plaintiffs' counsel shall have 7 days to make an additional complete set of copies and provide these copies to counsel for the Defendants.

2. As set forth more specifically below, the documents and investigative records disclosed pursuant to this Order shall be disclosed to the Defendants, Intevenor Plaintiffs, and the Plaintiff and their respective counsel, only for official use in this action and for no other purpose except as described herein. The Gastonia Police Department's investigative records shall not be otherwise reviewed, disclosed or released to anyone other than:

   a. The Court;

   b. The parties and insurers in this action and their respective attorneys, their legal assistants and other staff members and employees, and any attorney serving as mediator;

   c. Experts or consultants retained by either party or their respective attorneys to assist them in the preparation or defense in this case.

   d. Court reporters or videographers engaged to record depositions, hearings or the trial of any action;

   e. Outside companies engaged by counsel for the parties to copy or reproduce such documents.

3. The production or disclosure of investigative records pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the

use of those records during depositions, any hearing, the trial of this matter, or any appellate proceeding.

4. No investigative records or documents produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct in litigation related to this action.

5. Each person who receives Gastonia Police Department's Investigative Records submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

6. Counsel for the Defendants are permitted to release the investigative records or documents produced to counsel for Plaintiff and Intervenor Plaintiffs, who also agree to and will abide by the terms and provisions of this Order, as reflected by written consent herein. Counsel for Defendants, Intevenor Plaintiffs and Plaintiff, and the parties to this action shall use the disclosed records only for official use, and for no other purpose.

7. The Gastonia Police Department shall not be required to produce any documents pursuant to this Order which it is prohibited by law from doing (e.g., documents or criminal histories obtained from the Federal Bureau of Investigation/NCIC records and documents).

8. The Plaintiffs' counsel shall pay for the costs associated with the GPD's production of the documents and investigative records pursuant to this Order, and after obtaining said documents.

Signed: August 12, 2014

_____
David C. Keesler
United States Magistrate Judge

4

CONSENTED TO BY:

/s/Gillian S. Crowl
Gillian S. Crowl
Attorney for Defendant
Saga Freight Logistics, LLC
Gallivan, White & Boyd, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28210

/s/Austin Oyler
Austin Oyler
Attorney for Plaintiffs
Strauch Fitzgerald & Green, PC
530 North Trade Street, Suite 303
Winston-Salem, NC 27101

/s/Robyn M. Buckley
Robyn M. Buckley
Attorney for Defendant Tomas Herrera, Jr.
York Williams, L.L.P.
P.O. Box 36858
Charlotte, NC 28236

/s/Samuel H. Poole
Samuel H. Poole
Attorney for Intervenor Plaintiffs Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc.
Cranfill, Sumner & Hartzog, LLP
2907 Providence Road, Suite 200
Charlotte, North Carolina 28211

/s/Stephanie H. Webster
Stephanie H. Webster
Attorney for City of Gastonia Police Department
City of Gastonia Police Department
P. O. Box 1748
Gastonia, NC 28053-1748