**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-529-RJC-DCK**

| | |
|---|---|
| CHRISTOPHER PRACHT, as Personal Representative of the Estate of Eric F. Lee, ) ) ) Plaintiff, ) ) v. ) ) GREENWOOD MOTOR LINES, INC. d/b/a ) R+L CARRIERS, and R&L TRANSFER, ) INC., ) ) Intervenor Plaintiffs ) ) v. ) ) SAGA FREIGHT LOGISTICS, LLC and ) TOMAS HERRERA, JR., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Defendant Saga Freight Logistics, LLC's "Notice Of Motion And Motion To Compel" (Document No. 59). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion to compel.

### I. BACKGROUND

Christopher Pracht ("Plaintiff" or "Pracht"), as Personal Representative of the Estate of Eric F. Lee ("Mr. Lee"), initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court Division of Gaston County, North Carolina, on or about August 15, 2013, Christopher Pracht, as Personal Representative of the Estate of Eric F. Lee v. Saga Freight

Logistics, LLC and Tomas Herrera, Jr., 13-CVS-3166. (Document No. 1). Plaintiff's Complaint contends that Tomas Herrera ("Herrera") was operating a 2001 Freightliner tractor trailer owned by and/or operated under the authority of Saga Freight Logistics, LLC ("Saga Freight") on October 13, 2011. (Document No. 1-1, p.5). Plaintiff further contends that Herrera was operating the Saga Freight tractor trailer at an unsafe rate of speed which led Mr. Lee, who was operating another tractor trailer, to collide with the Saga Freight vehicle on I-85 near Gastonia, North Carolina. (Document No. 1-1, p.5). The collision caused an explosion and fire that killed Mr. Lee. Id.

Defendant Saga Freight filed its "Notice Of Removal" (Document No. 1) to this Court on September 23, 2013. "Defendant Saga Freight Logistics, LLC's Answer To Plaintiff's Complaint" (Document No. 3) was also filed on September 23, 2013.

Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc. ("R+L Plaintiffs") filed a "…Motion To Intervene" (Document No. 13) on November 1, 2013. The R+L Plaintiffs contend that Lee was operating a tractor trailer owned and operated by the R+L Plaintiffs at the time of the aforementioned accident, and that they have sustained damages due to the alleged negligence of Saga Freight and Herrera (together "Defendants"). (Document No. 13, p.2). The R+L Plaintiffs' "…Motion To Intervene" (Document No. 13) was allowed by the Court on April 2, 2014. (Document No. 31). Also on April 2, 2014, the Court denied "Defendant Herrera's Motion To Remand And Motion To Stay…" (Document No. 17). Id. On April 9, 2014, the "Intervenor Plaintiffs . . . Complaint" (Document No. 33) was filed.

Now pending before the Court is Defendant Saga Freight's ". . . Motion To Compel" (Document No. 59) filed on February 1, 2015. R+L Plaintiffs' "…Brief In Opposition To Saga Freight Logistics, LLC's Motion To Compel" (Document No. 64) was filed on February 20,

2015. Saga Freight's "…Reply Memorandum In Support…" was filed on February 27, 2015, and then on March 9, 2015, Saga Freight filed a "…Supplemental Memorandum…" (Document No. 69).

The pending motion has been fully briefed and is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## III. DISCUSSION

Defendant Saga Freight's "…Motion To Compel" contends that there have been deficiencies related to the R+L Plaintiffs' discovery responses and that it is entitled to the production of additional information and documents. (Document No. 59-1, p.3). Specifically, the "…Motion To Compel" seeks:

> (1) "[a]ny and all documents evidencing the decedent's hours of service for his employer for the three months prior to his death, including, but not limited to the decedent's driver's daily logs, pay roll records, toll receipts, gas receipts and all other such documents" as requested by Document Request No. 21 of the R+L Plaintiffs' "Requests For Production Of Documents" (Document No. 59-3);
>
> (2) a recorded statement of Herrera obtained by an independent adjuster; and
>
> (3) information from Mr. Lee's workers' compensation file regarding "payments made to the Estate, claims made, and any agreements made involving Plaintiff R+L Carriers and the Estate of Mr. Lee."

(Document No. 59-1, pp.3-4).

In response, the R+L Plaintiffs first note their position that the request for Mr. Lee's "Hours of Service" documents "is overly broad, unduly burdensome, and not reasonably calculated to lead to [] admissible evidence." (Document No. 64, p.3). Relying on the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 395, the R+L Plaintiffs assert that "[d]ue to the required rest-reset period every 8 days, hours of service documents (prior to the immediately preceding rest-reset period) cannot lead to admissible evidence." Id. (citing Bowen v. Galbreath, 3:09-CV-165-GCM, 2009 WL 4405812, at *1-2 (W.D.N.C. Nov. 25, 2009)).

The R+L Plaintiffs conclude that any records beyond eight (8) days prior to the October 13, 2011 accident are not discoverable. (Document No. 64, pp.3-4) (citing Bowen, 2009 WL 4405812, at *2). The R+L Plaintiffs further assert that:

4

> The accident that is the basis of this suit occurred on October 13, 2011. The daily logs for Mr. Lee for the month of October 2011 are not in the possession of R+L Carriers. Likewise, R+L Carriers does not have any of the other documents such as fuel receipts, weight receipts, or toll receipts. Mr. Lee was a line-haul driver, meaning he drove a specific pre-determined route that could be completed within the allotted 11 hours. Furthermore, any such other documents, if they did exist, would not recreate the daily logs and could only be used to verify log entries, not prove hours of service violations.

(Document No. 64, pp.3-4). The R+L Plaintiffs contend that the request for documents related to Mr. Lee's hours of service is a "fishing expedition" that should be denied. (Document No. 64, pp.4-5).

Finally, the R+L Plaintiffs' brief in opposition asserts that they have provided a digital copy of Mr. Herrera's statement, and that they requested Mr. Lee's worker's compensation file from his employer R+L Shared Services, LLC, and then provided it to Saga Freight's counsel. (Document No. 64, p.5). The R+L Plaintiffs argue that the motion to compel should be denied as moot as to these requests. Id.

Based on Saga Freight's "…Reply Memorandum…" it is apparent that the discovery in contention has been narrowed. First, Saga Freight acknowledges that it now has the recorded statement of Herrera it sought in the motion to compel. (Document No. 66, p.5).

Furthermore, Saga Freight agrees that the R+L Plaintiffs produced "a portion of the Worker's Compensation file for Mr. Lee after the motion was filed." Id. However, the movant asserts that recorded statements of the Estate's beneficiaries and the decedent's family members obtained by an investigator . . . were not produced." Id. Because the R+L Plaintiffs responded that they had produced the requested file, and declined to note that any portion was withheld or redacted, the undersigned will order that the missing statements, if they were indeed part of the

5

file, be produced for Saga Freight. The R+L Plaintiffs shall supplement / complete their production of Mr. Lee's worker's compensation file on or before **April 2, 2015**.

The remaining issue involves Mr. Lee's hours of service records. In reply, Saga Freight makes a persuasive argument that Judge Mullen's <u>Bowen</u> decision is distinguishable from the instant dispute. In pertinent part, Saga Freight asserts the following:

> In <u>Bowen,</u> the Court denied the motion to compel because copies of the driver's hours of service records for the 8 days prior to the accident were produced, established a 34 hour rest-reset period, and the plaintiff was seeking more records. <u>Id.</u> at * 1. The Court found that the records produced were sufficient to address plaintiff s claims regarding driver fatigue. However, unlike in <u>Bowen</u>, Saga Logistics has not been provided records related to Mr. Lee's hours of service for the date of the accident or the 8 days prior to that date. Saga Logistics has not been produced any records or testimony that establishes that Mr. Lee in fact had a 34 hour rest-reset period as allowed by the regulations. The fact that R+L Carriers claims that a 34 hour rest-reset period occurred is indicative of the presence of some records related to Mr. Lee's hours of service, but no such documents have been provided.

(Document No. 66, p.2).

Saga Freight goes on to argue that because there are allegedly no records Mr. Lee's service in the days prior to the accident, a review of his hours of service, particularly driver's daily logs, are the only records to establish Mr. Lee's normal route and work hours, and thus, give some insight into his actions on the date of the accident. (Document No. 66, pp.3-4). Saga Freight's "…Supplemental Memorandum…" offers additional persuasive arguments that the documents requested are relevant, and moreover, that the R+L Plaintiffs have the requested information.

After careful consideration of the briefs, and giving the rules of discovery a broad and liberal construction, the undersigned finds good cause to compel the hours of service records requested by Defendant Saga Freight. The R+L Plaintiffs shall provide Saga Freight with a full

6

and complete response to Request for Production No. 21 (Document No. 59-3, p.26) on or before **April 2, 2015**.

### IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant Saga Freight Logistics, LLC's "Notice Of Motion And Motion To Compel" (Document No. 59) is **GRANTED**, as directed herein.

**IT IS FURTHER ORDERED** that pursuant to Fed.R.Civ.P. 37(a)(5)(A), the R+L Plaintiffs shall reimburse Defendant Saga Freight for its reasonable expenses, including attorney's fees, incurred in preparing Document Nos. 59 and 66.  The parties are respectfully encouraged to resolve the issue of appropriate expenses and fees without further Court intervention.  If they are unable to do so, Defendant Saga Freight shall file an appropriate motion, including an affidavit verifying the time and expenses associated with preparing Document Nos. 59 and 66.

**SO ORDERED**.

Signed: March 18, 2015

David C. Keesler
United States Magistrate Judge