**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CV-529-RJC-DCK**

| | |
|---|---|
| **CHRISTOPHER PRACHT, as Personal Representative of the Estate of Eric F. Lee,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**and** )<br>)<br>**GREENWOOD MOTOR LINES, INC. d/b/a R+L CARRIERS and R&L TRANSFER, INC.** )<br>)<br>**Intervenor Plaintiff,** )<br>)<br>**v.** )<br>)<br>**SAGA FREIGHT LOGISTICS, LLC and TOMAS HERRERA, JR.,** )<br>)<br>**Defendants.** )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendants Saga Freight Logistics, LLC and Tomas Herrera, Jr.'s Motion to Trifurcate the Issues of Liability, Compensatory Damages, and Punitive Damages (the "Motion"), Supporting Memoranda, and Exhibits, (Doc. Nos. 97 to 97-6); Plaintiffs' Response in Opposition, (Doc. No. 99); and Defendants' Reply, (Doc. No. 100). The Motion if ripe for review.

Defendants' Motion is made pursuant to Federal Rule of Civil Procedure 42(b) and North Carolina General Statute section 1D-30. Federal Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Pursuant to the Federal Rules, the Court is given wide latitude to manage litigation before it, and the Court has

broad discretion to decide whether to conduct separate trials. Dixon v. CSX Transp., Inc., 990 F.2d 1440, 1443 (4th Cir. 1993); Bedser v. Horton Motor Lines, 122 F.2d 406, 407 (4th Cir. 1941).

As an alternative to trifurcation, Defendants move the Court to bifurcate the issues of compensatory and punitive damages. In support of their Motion, Defendants cite a North Carolina statute requiring bifurcation of these issues upon request by a defendant. North Carolina General Statute section 1D-30 provides that, upon motion by a defendant, the issues of liability for and the amount of compensatory damages shall be tried separately from the issues of liability for and the amount of punitive damages.

"In a diversity case, state substantive law governs the circumstances justifying an award and the amount of punitive damages, and federal law governs district and appellate court review of the jury award." Defender Indus., Inc. v. Nw. Mut. Life Ins. Co., 938 F.2d 502, 504–05 (4th Cir. 1991). The "federal district court reviews such an award by applying the state's substantive law of punitive damages under standards imposed by federal procedural law." Atlas Food Sys. & Servs., Inc. v. Crane Nat. Vendors, Inc., 99 F.3d 587, 593 (4th Cir. 1996). Bifurcation is primarily procedural in nature; therefore, federal procedural law applies. See, e.g., Rosales v. Honda Motor Co., 726 F.2d 259, 260 (5th Cir. 1984). Consequently, the Court will treat this Motion as one under Federal Rule of Civil Procedure 42(b), which gives the Court broad discretion regarding whether to separate the issues for trial.

"The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." F & G Scrolling Mouse, L.L.C. v. IBM Corp., 190 F.R.D. 385, 387 (M.D.N.C.

1999). The Court has carefully reviewed the record, Defendants' Motion, and the briefs in support of and opposing the Motion. Having done so, the Court finds that Defendants have failed to meet their burden for trifurcation. The Court is not convinced that trifurcation of the issues will promote greater convenience, serve judicial economy, or provide a procedural safeguard against undue prejudice. Therefore, Defendants' Motion is **denied** as to its request for trifurcation.

The Court, however, finds that the ends of justice would be served by bifurcation of the issues of liability and damages. Therefore, the Court, in its discretion, finds good cause to bifurcate the issue of liability from the issues of compensatory and punitive damages, and Defendants' Motion is **granted** as to its request for bifurcation.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Trifurcate the Issues of Liability, Compensatory Damages, and Punitive Damages, (Doc. No. 97), is **GRANTED in part** and **DENIED in part**. Specifically, the trial of this matter shall not be trifurcated. However, the issue of liability for compensatory damages shall be tried separately from the issues of the amount of compensatory damages, liability for punitive damages, and the amount of punitive damages, if any. Evidence relating solely to punitive damages and/or the amount of compensatory damages shall not be admissible until the jury has determined that a defendant is liable for compensatory damages. The same jury that tried the issues relating to liability shall try the issues relating to compensatory damages and punitive damages.

Signed: October 9, 2015

Robert J. Conrad, Jr.
United States District Judge