## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:13-CV-529-RJC-DCK

| | |
|---|---|
| CHRISTOPHER PRACHT, as Personal Representative of the Estate of Eric F. Lee, <br><br> Plaintiff, <br><br> and <br><br> GREENWOOD MOTOR LINES, INC. d/b/a R+L CARRIERS and R&L TRANSFER, INC. <br><br> Intervenor Plaintiff, <br><br> v. <br><br> SAGA FREIGHT LOGISTICS, LLC and TOMAS HERRERA, JR., <br><br> Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on the following: (1) Defendants' Motion for Adverse Inference Due to Spoliation, (Doc. No. 101); (2) Defendants' Omnibus Motion in Limine, (Doc. Nos. 102, 110); (3) Defendants' Motion in Limine to Exclude Certain Expert Testimony of Michael Sutton, (Doc. No. 104); (4) Defendants' Motion in Limine to Exclude Certain Expert Testimony of David Krauss, (Doc. No. 105); (5) Defendants' Motion in Limine to Exclude Certain Expert Testimony of Michael Maddox, (Doc. No. 106); (6) Defendants' Motion in Limine to Exclude Certain Expert Testimony of Heath Spivey, (Doc. No. 107); (7) Intervenor Plaintiffs/Counterclaim Defendants Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc.'s ("R&L") Motion in Limine, (Doc. No. 103); (8) Plaintiff Christopher Pracht's ("Pracht") Motion in Limine, (Doc. No. 128); and (9) R&L's Motion in Limine, Motion for

Attorneys' Fees and Costs, and Joinder in Plaintiff's Motion in Limine and Motion for Attorneys' Fees and Costs, (Doc. No. 132). The Court finds as follows.

I. **Defendants' Motion for Adverse Inference Due to Spoliation (Doc. No. 101)**

The Court finds that Defendants failed to meet their burden to establish that R&L willfully engaged in conduct resulting in the loss or destruction of the logs. Consequently, Defendants' Motion for Adverse Inference Due to Spoliation, (Doc. No. 101), which seeks an adverse inference as to both Plaintiffs and an instruction to the jury on the adverse inference with regard to the destruction of Lee's hours of service logs from October 1, 2011 to October 12, 2011, is **DENIED**. Defendants are not precluded from examination or argument concerning the loss or destruction of records.

II. **Defendants' Omnibus Motion in Limine (Doc. Nos. 102, 110)**

In their Omnibus Motion, Defendants have enumerated nineteen (19) matters that they seek to exclude or prohibit. Defendants' Omnibus Motion, (Doc No. 102), and Amended Omnibus Motion, (Doc. No. 110), are **GRANTED in part** and **DENIED in part**. Specifically, the Court finds as follows.

1. Defendants' motion to exclude testimony from witnesses not previously identified by Plaintiffs in their answers to interrogatories is **GRANTED**.

2. Defendants' motion to prohibit any comparison of the manner in which Eric Lee ("Lee") died to a Jordanian pilot killed by ISIS and to prohibit any bomb analogies, questions, or argument is **GRANTED**.

3. Defendants' motion to prohibit any Golden Rule argument and/or Reptile Theory questions and argument is **GRANTED**.

4. Defendants' motion to prohibit any post-accident photos of Lee is **GRANTED in**

**part** and **DENIED in part**. Specifically, any such photos shall be excluded during the liability phase ("Phase I") of the trial, including during opening statements. If the trial reaches the damages phase ("Phase II"), such photos may be admissible. The Court will rule on any photo sought to be admitted at the appropriate time in Phase II of the trial.

5. Defendants' motion to prohibit any speculative argument or testimony that Lee had a fire extinguisher between his legs or in his hands or that he attempted to use the fire extinguisher before his death is **GRANTED in part** and **DENIED in part**. Specifically, any such argument or testimony is prohibited during Phase I of the trial, including during opening statements. If the trial reaches Phase II, such argument may be allowed, and the Court will make a ruling at that time.

6. Defendants' motion to prohibit any argument or testimony that the speed limit was 65 mph at the location and time of the collision is **GRANTED in part**. Pracht has conceded the fact that the speed limit at the time and location of the accident was 60 mph, and the proffered evidence establishes that fact. If the evidence at trial conforms to that proffered evidence, the Court will prohibit argument that the speed limit was 65 mph at the location and time of the collision. Any statement to the contrary by Officer Roper is relevant only to the matter of credibility. The Court will hear brief argument on Monday as to whether it may take judicial notice of the 60 mph speed limit.

7. Defendants' motion to prohibit any questioning or argument that implies Defendant Tomas Herrera, Jr. ("Herrera"), at any point in time, stated he was texting or talking on his cellphone at the time of the collision is **GRANTED**. However, Defendants'

motion to prohibit any questioning or argument regarding Herrera listening to music and/or plugging in his cellphone or any questioning or argument implying that his doing so had any relation to the accident is **DENIED**.

8. Defendants' motion to exclude the report and any opinion testimony of Officer Benjamin Roper is **GRANTED in part**. The report may not be introduced as a stand-alone exhibit. It may be used for impeachment, for purposes of refreshing recollection or past recollection recorded, or for other non-hearsay purposes permitted under the Rules of Evidence. Any further objections will be ruled on at the point of use.

9. Defendants' motion to exclude evidence and argument of other violations and prior bad acts involving Saga Freight Logistics, LLC ("Saga") tractor-trailers or drivers other than Herrera is **GRANTED in part** and **DENIED in part**. Specifically, any such evidence or argument is excluded during Phase I of the trial, including during opening statements. If the trial reaches Phase II, such evidence or argument will be considered at that time.

10. Defendants' motion to prohibit any testimony, evidence, or argument related to log audits or delay in conducting log audits by Saga is **DENIED**.

11. Defendants' motion to prohibit any testimony or opinions that Herrera was weaving is **DENIED**.

12. Defendants' motion to prohibit any argument or testimony about the lack of a speedometer light in Herrera's truck or that the lack of the light should have meant the truck should not have been on the road is **DENIED**.

13. Defendants' motion to prohibit evidence or testimony as to Herrera's hours of service

records and/or any violations of regulations related to hours of service is **GRANTED in part** and **DENIED in part**. Specifically, the Court finds that the relevant time period with regard to any such evidence is October 1, 2011 to October 13, 2011. Any evidence or testimony as to Herrera's hours of service records and/or any violations of regulations related to hours of service for this time period will be allowed. Any such evidence or testimony outside of this time period is prohibited.

14. Defendants' alternative motion to prohibit any hours of service information or records created prior to Herrera's 34-hour rest/reset period is **DISMISSED as moot**.

15. Defendants' motion to prohibit any argument or questioning that driving while fatigued is equivalent to driving while intoxicated is **DENIED**.

16. Defendants' motion to prohibit any testimony or argument of ratification by Saga of Herrera's actions based on his employment status after the accident is **GRANTED**.

17. Defendants' motion to prohibit any argument that Saga's closing of its business or that one of Saga's owners establishing a new company were to hide or avoid consequences related to this accident is **GRANTED**.

18. Defendants' motion to prohibit any argument or testimony of any conscious pain and suffering experienced by Lee and to instruct the jury that as a matter of law the evidence is insufficient to submit the issue of conscious pain and suffering to the jury is **GRANTED in part** and **DENIED in part**. Specifically, any such evidence or argument is excluded during Phase I of the trial, including during opening statements. If the trial reaches Phase II, the Court will make a ruling regarding such evidence or argument at that Phase of the trial.

19. Defendants' motion to prohibit evidence, argument, or testimony concerning liability

insurance for Saga or Herrera is **GRANTED**.

**III. Defendants' Motion in Limine to Exclude Certain Expert Testimony of Michael Sutton (Doc. No. 104)**

Defendants motion to exclude testimony of Pracht's accident reconstruction expert, Michael Sutton, that: (a) Herrera was asleep or falling asleep; (b) Herrera was weaving prior to the collision; and (c) Lee's perception and reaction time was normal, (Doc. No. 104), is **DENIED**.

**IV. Defendants' Motion in Limine to Exclude Certain Expert Testimony of David Krauss (Doc. No. 105)**

Defendants motion to exclude the testimony of R&L's human factors expert, David Krauss ("Krauss"), that: (1) Lee's actions were reasonable; and (2) Lee's perception-reaction time was normal, (Doc. No. 105), is **DISMISSED as moot** as R&L has withdrawn Krauss as a testifying expert.

**V. Defendants' Motion in Limine to Exclude Certain Expert Testimony of Michael Maddox (Doc. No. 106)**

Defendants motion to exclude testimony of Pracht's human factors expert, Michael Maddox, that: (1) Herrera was fatigued; (2) Lee reacted within the expected range for reaction times; and (3) Lee did nothing out of the ordinary that contributed to the accident, (Doc. No. 106), is **DENIED**.

**VI. Defendants' Motion in Limine to Exclude Certain Expert Testimony of Heath Spivey (Doc. No. 107)**

Defendants motion to exclude testimony of R&L's accident reconstruction expert, Heath Spivey ("Spivey"), that: (1) Lee's operation of his truck was reasonable; (2) Lee could not have avoided the accident; and (3) Herrera made a lane change immediately prior to the collision, (Doc. No. 107), is **DISMISSED as moot** at R&L has withdrawn Spivey as an expert.

**VII. R&L's Motion in Limine (Doc. No. 103)**

In its Motion in Limine, R&L has enumerated thirty-one (31) matters that it seeks to exclude or prohibit. R&L's Motion in Limine, (Doc No. 103), is **GRANTED in part** and **DENIED in part**. Specifically, the Court finds as follows.

1. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence of hazardous materials is **DENIED**.

2. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence of hours of service violations by Lee is **DENIED**. However, such evidence shall only be allowed for the relevant time period of October 1, 2011 to October 13, 2011.

3. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence regarding GPS speed from the MDT or any reference to the MDT is **DENIED**.

4. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that Lee was fatigued at the time of the accident is **DENIED**.

5. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that Lee was sleeping at the time of the accident is **DENIED**.

6. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that Lee was distracted at the time of the accident is **DENIED**.

7. R&L's motion to prohibit all parties and counsel from mentioning, suggesting,

inquiring about, or attempting to introduce evidence regarding Lee's speed prior to the accident, including evidence regarding Lee's average speed over the distance between the terminal and the point of the accident is **DENIED**.

8. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce any hearsay statement in the medical examiner's file, including any hearsay statements of Robin Melton, is **GRANTED**.

9. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that Lee's driver's logs were spoliated is **DENIED**.

10. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that Herrera's truck being visible equates to Lee perceiving its lateral location and relative speed or that a reasonably attentive driver would be able to comprehend Herrera's relative speed and location is **DENIED**.

11. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence regarding who had the last clear chance is **DENIED**.

12. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence concerning any of R&L's Safety Management System BASICs scores or other information from the Federal Motor Carrier Safety Administration's Compliance, Safety, Accountability website, whether obtained directly from the website or through a Freedom of Information Act request, is **DENIED**.

13. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence of self-imposed policies, such as "safety first" or "do not overdrive headlights," for the purpose of establishing an applicable standard of care is **DENIED**.

14. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence of any prior bad acts of Lee is **GRANTED in part** and **DENIED in part**. Specifically, the Court finds that the relevant time period with regard to any such evidence is October 1, 2011 to October 13, 2011. Any evidence or testimony as to Lee's actions for this time period will be allowed. Any such evidence or testimony outside of this time period is prohibited.

15. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that an alleged failure or refusal on the part of R&L to provide all required discovery, or any suggestion that R&L has not engaged in good faith discovery or has withheld or failed to produce any document or other material is **DENIED**. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that R&L has objected to any discovery request, advised any witness not to answer any particular questions or line of questions at any deposition, or otherwise sought to exclude from proof any matter bearing on the issues in this cause or rights of the parties to this suit is **GRANTED**.

16. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence regarding the size of any law firm representing R&L, the locations of their offices, the specialization of the law

firms, or the frequency or nature of attorneys' representation of similar companies is **GRANTED**. Specifically, all such evidence regarding any attorney or law firm involved in this matter is excluded and shall not be mentioned.

17. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence of any non-relevant exchanges between counsel for R&L and any opposing counsel during depositions or in other discovery responses is **GRANTED**.

18. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence of the failure to call any witness that is equally available to all parties or any witness that is not available to or under the control of R&L or tendering, referring to, reading from, offering, or exhibiting any ex parte statements or reports from any witness who is not then and there present in Court to testify and subject to examination by counsel is **deferred** until such time at trial when a ruling as to a specific witness is necessary.

19. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that counsel failed to timely produce to R&L is **GRANTED**.

20. R&L's motion to prohibit any attempt to call as a witness any person not timely and properly identified is **GRANTED**.

21. R&L's motion to preclude Defendants' expert witnesses from offering or referring to opinions at trial that were not disclosed in responses to discovery is **GRANTED**.

22. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence of the absence of any of R&L's

documents to either imply that R&L never had the document or that R&L destroyed or withheld the document is **deferred** until such time at trial when a ruling as to a specific document is necessary.

23. R&L's motion to prohibit any attempt in the presence of the jury to ask R&L attorneys to produce documents, stipulate to any fact, or make any agreement is **GRANTED**.

24. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that R&L disregarded regulations and/or industry standards in the past is **GRANTED**.

25. R&L's motion to prohibit any mention of a regulatory measure, which is not admissible without a showing of its relevancy, is **GRANTED**.

26. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that the parties engaged in settlement negotiations is **GRANTED**.

27. R&L's motion to prohibit all parties and counsel from mentioning, suggesting, inquiring about, or attempting to introduce evidence that R&L and/or Lee have been involved in other suits is **GRANTED**.

28. R&L's motion to prohibit mentioning or suggesting that in a rear-end collision, the party in the rear is presumed to be at fault is **GRANTED**.

29. R&L's motion to prohibit mentioning or suggesting that Lee was speaking on a cell phone at the time of the accident is **GRANTED**.

30. R&L's motion to prohibit any reference to or attempt to introduce into evidence any abstracts of literature without first establishing, outside the presence of the jury, the

proper predicate to allow for the same is **DENIED**.

31. R&L's motion to prohibit mentioning that this Motion in Limine has been filed and/or granted in whole or in part is **GRANTED**.

## VIII. Pracht's Motion in Limine (Doc. No. 128)

In his Motion in Limine, Pracht has enumerated nine (9) matters that he seeks to exclude or prohibit. Pracht's Motion in Limine, (Doc No. 128), is **GRANTED in part** and **DENIED in part**. Specifically, the Court finds as follows.

1. Pracht's motion to exclude any evidence of Lee's past driving record is **GRANTED in part** and **DENIED in part**. Specifically, the Court finds that the relevant time period with regard to any such evidence is October 1, 2011 to October 13, 2011. Any evidence or testimony as to Lee's driving record for this time period will be allowed. Any such evidence or testimony outside of this time period is prohibited.

2. Pracht's motion to exclude any evidence regarding Lee's pre-crash medical conditions is **GRANTED in part** and **DENIED in part**. Specifically, the use of any evidence of Lee's pre-crash medical conditions to imply or insinuate that Lee had a reduced life expectancy is prohibited during Phase I of the trial. If the trial reaches Phase II, such evidence may be allowed, and the Court will make a ruling at that time. The use of any evidence of Lee's pre-crash medical conditions to imply or insinuate that Lee's health may have been a cause of the accident will be generally permitted, and the Court will rule on specific objections as they arise.

3. Pracht's motion to exclude testimony from any witnesses not identified in discovery and any documents produced pursuant to subpoenas issued after the close of discovery is **GRANTED**. Specifically, the Court finds that the taking of Dr. Ahmad

Boota's ("Dr. Boota") deposition and the subpoena of documents from him were untimely. The Court further finds that Dr. Boota's testimony is too remote in time to be relevant to the issues in this case. His deposition testimony shows he has limited information regarding Lee, he has no specific opinion regarding Lee's apnea at the time of the accident, and he never treated Lee after diagnosing him with mild sleep apnea in 2008. To the extent a 2008 diagnosis, without more, is marginally relevant, it is excluded under Federal Rule of Evidence 403. Therefore, any testimony from Dr. Boota, deposition or otherwise, and any documents produced by Dr. Boota pursuant to any subpoenas issued after the close of discovery on April 24, 2015, shall be excluded at trial.

4. Pracht's motion to exclude any evidence that Lee was transporting hazardous materials is **DENIED**.

5. Pracht's motion to exclude any evidence regarding the details of Lee's trip prior to the crash is **DENIED**.

6. Pracht's motion to exclude hearsay statements of Robin Melton is **GRANTED**.

7. Pracht's motion to preclude any reference to litigation Herrera initiated against Saga and R&L in Texas is **GRANTED**.

8. Pracht's motion to preclude any testimony regarding Lee's hours of service logs from October 5, 2011 through October 12, 2011, is **DENIED**.

9. Pracht's motion to exclude any evidence regarding R&L's safety manuals and training procedures is **DENIED**.

IX. **R&L's Motion in Limine, Motion for Attorneys' Fees and Costs, and Joinder in Plaintiff's Motion in Limine and Motion for Attorneys' Fees and Costs (Doc. No. 132)**

R&L joins Pracht's motion in limine and submits its own motion in limine to preclude

any testimony from Dr. Boota as well as any documents Dr. Boota produced pursuant to any subpoena issued after the close of discovery. R&L's motion also seeks attorneys' fees and costs associated with the litigation relating to Dr. Boota's testimony. R&L's Motion in Limine, (Doc. No. 132), is **GRANTED in part** and **deferred in part**. Specifically, any testimony from Dr. Boota, deposition or otherwise, and any documents produced by Dr. Boota pursuant to any subpoenas issued after the close of discovery on April 24, 2015, shall be excluded at trial. The Court will defer any ruling regarding the award of attorneys' fees and costs until a later date.

**SO ORDERED.**

Signed: October 30, 2015

Robert J. Conrad, Jr.
United States District Judge