**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00529-RJC-DCK**

| | |
|---|---|
| CHRISTOPHER PRACHT, as Personal Representative of the Estate of Eric F. Lee, <br><br> Plaintiff, <br><br> and <br><br> GREENWOOD MOTOR LINES, INC. d/b/a R+L CARRIERS and R&L TRANSFER, INC. <br><br> Intervenor Plaintiff, <br><br> v. <br><br> SAGA FREIGHT LOGISTICS, LLC and TOMAS HERRERA, JR., <br><br> Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Defendants Tomas Herrera, Jr. and Saga Freight Logistics, LLC's (collectively, "Defendants") Joint Motion for Judgment Notwithstanding the Verdict, (Doc. No. 165); and Plaintiff Christopher Pracht's, as Personal Representative of the Estate of Eric F. Lee ("Plaintiff"), Verified Motion for Approval of Wrongful Death Settlement (the "Verified Motion"), (Doc. No. 181). Intervenor Plaintiff Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc. ("R&L") filed a Response in Opposition to Plaintiff's Verified Motion for Approval of Wrongful Death Settlement on March 8, 2016. (Doc. No. 184). No party has replied to R&L's Opposition, and the time for doing so has expired.

Plaintiff's Verified Motion requests that the Court approve the proposed compromise and

settlement of any and all claims under the North Carolina Wrongful Death Statute which Plaintiff and the Estate of Mr. Lee might have against Defendants for the death of Mr. Lee allegedly resulting from an accident which occurred on or about October 13, 2011, near Gastonia, Gaston County, North Carolina.

Plaintiff retained the law firm of Strauch Green & Mistretta, P.C. to represent the Estate of Eric F. Lee and Christopher Pracht in this matter. Plaintiff has made an investigation into the facts and circumstances surrounding the death of the deceased and is aware of the facts regarding liability for the death. Furthermore, this case having been tried to a jury in November 2015, Plaintiff is aware of the possibility that there is evidence which, if addressed by this Court in post-trial motions or an appellate court, would exonerate Defendants of any liability for Mr. Lee's death and resulting damages. Accordingly, Plaintiff sought and obtained from Defendants an offer of settlement. Plaintiff has stated freely and unequivocally that he has considered the terms of this settlement offer and that he understands the settlement proposal as outlined in his Verified Motion. He is of the opinion that, under all of the circumstances, the settlement is reasonable and acceptable and that it would be in the best interests of the beneficiaries of the Estate of Mr. Lee that the settlement offer be accepted as a reasonable and equitable adjustment of any rights and claims of any nature and kind that Plaintiff, as personal representative of the Estate of Mr. Lee, may have against Defendants and their successors, assigns, affiliates, insurers, subsidiaries, and parent companies thereof. Consequently, he desires that the Court approve the settlement with the knowledge and understanding that upon approval and consummation of the settlement, no persons would have any further claims or causes of action against Defendants and other entities to be named in the Settlement Agreement and Release on account of the death of Mr. Lee.

It appears that the total amounts being paid in settlement of all claims under the North Carolina Wrongful Death Statute in the amount of ONE MILLION TWO HUNDRED AND EIGHT THOUSAND EIGHT HUNDRED AND EIGHTY EIGHT DOLLARS AND THIRTY CENTS ($1,208,888.30) represent a full and adequate settlement under the facts and circumstances and that Plaintiff would not be warranted in risking an adverse result in further litigation and/or an appeal of the jury's verdict in order to seek a higher sum.

It also appears that Strauch Green & Mistretta, P.C., as counsel for Plaintiff in this matter who investigated the accident at issue and the facts and circumstances relevant thereto and tried the case, is entitled to attorneys' fees in the amount of FOUR HUNDRED AND EIGHTY THREE THOUSAND FIVE HUNDRED AND FIFTY FIVE DOLLARS AND THIRTY TWO CENTS ($483,555.32). It further appears that Plaintiff incurred costs in the amount of ONE HUNDRED THOUSAND FOUR HUNDRED AND FOURTY NINE DOLLARS AND NINETY THREE CENTS ($100,449.93) in connection with the preparation of this lawsuit and that Plaintiff incurred costs in the amount of TWELVE THOUSAND SEVEN HUNDRED AND SEVENTY FIVE DOLLARS ($12,775.00) for the funeral and burial expenses of Mr. Lee. It appears that the aforesaid costs and fees are reasonable.

The Court finds, however, that the Verified Motion fails to address the $294,370.22 worker's compensation lien imposed upon any recovery by Plaintiff. On November 7, 2014, Plaintiff's Counsel and Defense Counsel were given written notice of the worker's compensation lien. (Doc. No. 184-1). Plaintiff is required to repay such lien under South Carolina Code § 42-1-560. At trial, the lien in the amount of $294,370.22 was entered into the record, and the Court instructed the jury that the Court is required to deduct this amount from any amount of damages awarded to the Estate. To date, the Court is not aware of any agreement to compromise

the lien. The Court finds, therefore, that any recovery by Plaintiff is subject to the valid outstanding worker's compensation lien, and Plaintiff shall be ordered to pay the outstanding worker's compensation lien in the full amount of $294,370.22, unless a compromise agreement is reached prior to distribution of the settlement funds.

Upon consideration of the Verified Motion and R&L's Opposition to the Verified Motion and based on the examination and testimony presented to this Court, the Court is satisfied and concludes that the proposed settlement is reasonable and proper, in the best interests of the beneficiaries of the Estate of Mr. Lee, and should be approved subject to the outstanding worker's compensation lien.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Verified Motion, (Doc. No. 181), is **GRANTED**. The settlement proposal, as set forth in the Verified Motion, (Id.), is hereby **APPROVED** subject to the outstanding worker's compensation lien of $294,370.22.

2. Defendants shall pay or have paid on their behalf ONE MILLION TWO HUNDRED AND EIGHT THOUSAND EIGHT HUNDRED AND EIGHTY EIGHT DOLLARS AND THIRTY CENTS ($1,208,888.30) due under the proposed settlement with Christopher Pracht, as personal representative of the Estate of Eric F. Lee, deceased, in compliance with N.C. Gen. Stat. § 28A-18-2.

3. Christopher Pracht, as Personal Representative for the Estate of Eric F. Lee, is hereby authorized and directed for the consideration outlined above, to execute and deliver on behalf of the Estate of Eric F. Lee, deceased, releases in writing to Defendants and their heirs, personal representatives, insurers, successors, and assigns, releasing them and any other persons, firms, corporations, or governmental entities of and from any

and all claims of any nature and kind arising out of, as a result of, or in any way connected with the alleged wrongful death of Eric F. Lee, which occurred on or about October 13, 2011.

4. Out of the total settlement proceeds, Christopher Pracht, as personal representative of the Estate of Eric F. Lee, deceased, shall pay to The Law Offices of Strauch Green & Mistretta, P.C., total attorneys' fees of FOUR HUNDRED AND EIGHTY THREE THOUSAND FIVE HUNDRED AND FIFTY FIVE DOLLARS AND THIRTY TWO CENTS ($483,555.32), costs for the preparation and trial of this lawsuit in the amount of ONE HUNDRED THOUSAND FOUR HUNDRED AND FOURTY NINE DOLLARS AND NINETY THREE CENTS ($100,449.93), and costs for funeral and burial expenses in the amount of TWELVE THOUSAND SEVEN HUNDRED AND SEVENTY FIVE DOLLARS ($12,775.00).

5. After deduction of reasonable costs and attorneys' fees, Christopher Pracht, as personal representative of the Estate of Eric F. Lee, deceased, shall allocate funds to pay off or compromise the outstanding worker's compensation lien in the full amount of $294,370.22, unless a compromise agreement is reached prior to distribution of the settlement funds.

6. The amount remaining after deduction of the costs and attorneys' fees and the full satisfaction of the worker's compensation lien shall be the Net Recovery and shall be paid to the beneficiaries of Eric F. Lee. ONE HUNDRED THOUSAND DOLLARS ($100,000) of the Net Recovery shall be apportioned for Eric F. Lee's alleged pain and suffering prior to his death, and the remaining amount of the Net Recovery shall be apportioned for the alleged loss of Eric F. Lee's net income, services, protection,

care, assistance, society, companionship, comfort, guidance, kindly office, and advice.

7. Any and all claims that Christopher Pracht, as personal representative of the Estate of Eric F. Lee, has alleged against Defendants are hereby **DISMISSED with prejudice**.

8. Defendants' Joint Motion for Judgment Notwithstanding the Verdict, (Doc. No. 165), is **DISMISSED as moot**.

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge