UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00529-RJC-DCK

| | |
|---|---|
| CHRISTOPHER PRACHT, as Personal Representative of the Estate of Eric F. Lee, <br><br> Plaintiff, <br><br> and <br><br> GREENWOOD MOTOR LINES, INC. d/b/a R+L CARRIERS and R&L TRANSFER, INC. <br><br> Intervenor Plaintiff, <br><br> v. <br><br> SAGA FREIGHT LOGISTICS, LLC and TOMAS HERRERA, JR., <br><br> Defendants. | **ORDER** |

**THIS MATTER** comes before the Court on Intervenor Plaintiff Greenwood Motor Lines, Inc. d/b/a R+L Carriers and R&L Transfer, Inc.'s ("R&L") Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend the Judgment ("Rule 50(b) Motion"), (Doc. No. 163), and R&L's Motion for Appeal of Clerk's Denial of Bill of Costs, (Doc. No. 179).

## I. BACKGROUND

Following the week-long trial of this matter, the parties are familiar with the background; therefore, the Court will not recapitulate it here. The Court only adds the following to clarify the proceedings during and since the November 2015 trial.

The trial of this matter was bifurcated into the liability phase followed by the damages

phase. After the close of the liability phase, the jury determined that R&L's damages were a result of gross negligence by Defendant Tomas Herrera, Jr. ("Herrera"). (Doc. No. 156 ¶ 3). As a result of that determination, Defendant Saga Freight Logistics, LLC ("Saga") and Herrera (collectively, "Defendants") were found to be liable for the damages sustained by R&L, and the trial proceeded to the damages phase. In the damages phase, R&L presented documentary evidence of the damages sustained from the loss of its tractor-trailer and cargo along with towing and cleanup costs, which indicated that its total damages were $99,276.83.[1] Defendants raised no objections to the admission of any of R&L's damages evidence, and Defendants declined to test the evidence through cross-examination. Furthermore, Defendants did not controvert the evidence, offer any evidence of their own, or present any argument disputing R&L's damages evidence.

At the close of evidence, R&L made an oral motion for judgment as a matter of law as to the amount of damages, which was denied. (Doc. No. 175 at 4–5). On November 6, 2015, the jury returned its verdict awarding R&L nominal damages of one dollar for the loss of its tractor-trailer and cargo. (Doc. No. 157 ¶ 2). On November 24, 2015, R&L filed its Rule 50(b) Motion. (Doc. No. 163). In the Motion, R&L requests that the Court enter judgment as a matter of law in its favor in the amount of $99,276.83. Defendants filed their response in opposition on December 9, 2015, (Doc. No. 167), and R&L replied on December 21, 2015, (Doc. No. 170).

In a separate but related matter, as the prevailing party at trial R&L filed its Bill of Costs on December 10, 2015, (Doc. No. 168), to which Defendants objected on December 15, 2015, (Doc. No. 169). The Clerk of Court denied R&L's Bill of Costs on January 21, 2016, (Doc. No.

---

[1] Specifically, R&L's damages evidence indicated the following losses: (1) $39,202.01 for loss of the freight; (2) $9,530.37 for cleanup costs; (3) $26,325.00 for towing costs; (4) $16,836.45 for loss of the tractor; and (5) $7,383.00 for loss of the trailer. (Doc. No. 164-2).

178), and R&L filed its Motion for Appeal of Clerk's Denial of Bill of Costs on January 27, 2016, (Doc. No. 179). The motions have been fully briefed and the issues are ripe for adjudication.

## II.     STANDARD OF REVIEW

Rule 50(b) allows an aggrieved party to file a renewed motion for judgment as a matter of law. The rule provides that "the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b). A jury verdict will withstand a Rule 50(b) motion unless the nonmovant presented no substantial evidence to support the jury verdict. Stamathis v. Flying J, Inc., 389 F.3d 429, 436 (4th Cir. 2004) (quoting Mattison v. Dallas Carrier Corp., 947 F.2d 95, 100 (4th Cir. 1991)). A mere scintilla of evidence supporting the verdict is insufficient. See In re Quinn, No. 92-2366, 1993 WL 321583, at *6 (4th Cir. Aug. 23, 1993); Custer v. Hall, No. 91-2673, 1992 WL 214514, at *1 (4th Cir. Sept. 3, 1992) (both citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)). The amount of damages is left to the discretion of the jury. First Union Commercial Corp. v. GATX Capital Corp., 411 F.3d 551, 556 (4th Cir. 2005) (quoting Compton v. Wyle Labs., 674 F.2d 206, 209 (4th Cir. 1982)). "The court will uphold a damage award 'unless no substantial evidence is presented to support it, it is against the clear weight of the evidence, it is based upon evidence that is false, or it will result in a miscarriage of justice.'" Id. (quoting Barber v. Whirlpool Corp., 34 F.3d 1268, 1279 (4th Cir. 1994)).

A Rule 50 motion for judgment as a matter of law is subject to the same standard as a motion for summary judgment. Anderson, 477 U.S. at 250. In considering the motion, therefore, the Court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in its favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290

F.3d 639, 645 (4th Cir. 2002). Such a motion presents a question of law as to whether, when all the evidence is considered together with all reasonable inferences drawn in the nonmovant's favor, there exists a failure or lack of evidence to support the verdict. Spell v. McDaniel, 604 F. Supp. 641, 646 (E.D.N.C. 1985). A court should grant a Rule 50(b) motion "only where the evidence points all one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." Singer Co. v. E. I. du Pont de Nemours & Co., 579 F.2d 433, 441 (8th Cir. 1978) (internal quotations marks omitted).

### III. DISCUSSION

#### A. R&L's Rule 50(b) Motion

R&L contends that the verdict of one dollar is not based on the evidence. The Court agrees. R&L presented comprehensive evidence at trial objectively documenting the losses it sustained from the destruction of its tractor-trailer and cargo. That undisputed evidence indicated that R&L's total damages were $99,276.83. Defendants did not raise any objection to this evidence; test, attack, or controvert the evidence; or introduce any opposing evidence. In their closings, Defendants did not even mention R&L's damages, much less make any argument disputing the evidence.

As Defendants point out, the jury was free to disbelieve the evidence presented by R&L, and as the trier of the facts, it is the jury's duty to resolve any conflicts in the evidence. (Doc. No. 167 at 8 (citing Beaufort v. United States, No. 3:10-cv-425-FDW, 2011 WL 815784, at *1 n.4 (W.D.N.C. Mar. 1, 2011)). However, there was no conflicting evidence related to R&L's damages, and no reasonable person could determine that R&L suffered only one dollar in damages from the total destruction of its tractor-trailer loaded with cargo. This is not a case involving the abstract value of constitutional rights or one in which no objective evidence of

damages was presented. Compare Spell, 604 F. Supp. at 653–54 (ordering new trial on damages because undisputed objective evidence of the plaintiff's medical expenses clearly exceeded the jury's $1,000 verdict), with Denny v. Hinton, 900 F.2d 251 (4th Cir. 1990) (affirming a nominal award of one dollar for injuries the plaintiff allegedly incurred during a "beating" by corrections officers because the abstract value of constitutional rights is not compensable and the plaintiff presented no objective medical evidence of his injuries).

The evidence presented at trial clearly established that R&L suffered damages well in excess of one dollar. Having reviewed that evidence, the Court finds that R&L established by a preponderance of the evidence that it sustained damages in the amount of $99,276.83. Defendants presented no evidence, much less substantial evidence, to support a verdict of one dollar. In view of the undisputed evidence of R&L's damages, which grossly exceeded the jury's one dollar verdict, it is evident that the jury did not comply with the instructions of the Court in determining its damages award.[2] Consequently, the jury verdict awarding one dollar in damages to R&L cannot stand. The jury verdict as to the amount of damages R&L is entitled to recover from Defendants, (Doc. No. 157 ¶ 2), is hereby set aside, and pursuant to the Court's authority under Rule 50(b), the Court will enter a judgment as a matter of law in R&L's favor in the amount of $99,276.83.

B. R&L's Appeal of Denial of Bill of Costs

R&L is a prevailing party in this litigation. Pursuant to Federal Rule of Civil Procedure

---

[2] Regarding R&L's damages, the jury was instructed as follows: "Finally, as to the [issue of R&L's damages] on which [R&L has] the burden of proof, if you find by a preponderance of the evidence the amount of actual property damages proximately caused by the negligence of the defendants, then it would be your duty to write that amount in the blank space provided." (Doc. No. 170 at 4). As discussed, R&L proved by a preponderance of the evidence that it sustained damages well in excess of one dollar, and a finding otherwise disregards these instructions.

54(d) and Local Civil Rule 54.1, therefore, it is entitled to recover its costs, and the Court will **grant** R&L's Motion appealing the denial of its costs. However, Local Rule 54.1(F) and (G) permits the recovery of costs associated with obtaining a deposition and an original transcript of the deposition. Multiple copies of deposition transcripts are specifically excluded as costs that are normally taxable. LCvR 54.1(F). It appears that R&L's Bill of Costs contains costs for multiple copies of depositions. Accordingly, while the Court finds that R&L shall recover its costs, such costs will not include amounts associated with obtaining multiple copies of deposition transcripts. R&L shall submit a revised Bill of Costs excluding any such amounts, and the costs will be taxed accordingly.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. R&L's Renewed Motion for Judgment as a Matter of Law and Motion to Alter or Amend the Judgment, (Doc. No. 163), is **GRANTED**. Specifically, the jury verdict of one dollar, pertaining to the amount of damages R&L is entitled to recover from Defendants, (Doc. No. 157 ¶ 2), is **SET ASIDE**, and the Court enters judgment as a matter of law in R&L's favor in the amount of **$99,276.83**.
2. The Clerk of Court is directed to enter judgment in accordance with this Order.
3. R&L's Motion for Appeal of Clerk's Denial of Bill of Costs, (Doc. No. 179), is **GRANTED**. R&L shall file a revised Bill of Costs excluding any amounts related to obtaining multiple copies of deposition transcripts.

Signed: May 20, 2016

Robert J. Conrad, Jr.
United States District Judge